41607. STRICKLAND v. LEVY'S OF SAVANNAH, INC. et al.

HALL, Judge. The plaintiff appeals from a judgment of the trial court sustaining the defendant's general demurrer to her petition against Levy's of Savannah, Inc., a department store, its liability insurer, and the insurer's claims adjuster, alleging the following facts: The plaintiff was injured because of the negligence of the defendant Levy's when she fell on the stairway in its store. The defendant insurer sent its adjuster to adjust and settle the plaintiff's claim for personal injuries. The adjuster told the plaintiff that all of her medical bills would be paid, presented her a check for $10 and told her it was for her, clear of all expenses, and obtained a release from her discharging Levy's of liability for all claims of any kind growing out of the occurrence. Representatives of Levy's also told the plaintiff that all of her bills would be paid. The defendants' representatives made the statements knowing that they were false, made wilfully and in bad faith, with the

intent to deceive and defraud the plaintiff, and thereby obtained her signature on the release and deprived her of the opportunity to pursue her claims for medical expenses and pain and suffering. The plaintiff can read and write but is uneducated and limited in her understanding of language such as that used in the release, and trusted and believed the statements made to her by the defendants. The plaintiff returned the $10 check without endorsement or negotiation. The plaintiff prayed for recovery of damages for her medical expenses and pain and suffering, punitive damages and attorney's fees. "The representation that plaintiff would receive compensation in the future is not as to an existing or past fact, and does not give rise to an action for fraud." *Clinton v. State Farm Mut. Auto. Ins. Co.*, 110 Ga. App. 417, 419 (138 SE2d 687). The statements to the plaintiff that all of her bills would be paid were representations as to matters to take place at a future time. The holding in the *State Farm* case, supra, that the allegations there did not show actionable fraud, is controlling in the present case, and the comments in that opinion are applicable to the conduct here alleged.

The trial court did not err in sustaining the defendant's general demurrer.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

SUBMITTED NOVEMBER 4, 1965—DECIDED NOVEMBER 18, 1965.

*Silverman & Silverman, Ramon Silverman*, for appellant.
*Corish, Smith & Remler, Malberry Smith, Jr.*, for appellee.