### 43250. MOTORS INSURANCE CORPORATION v. MORGAN.

WHITMAN, Judge. This action was brought by C. I. Morgan against Motors Insurance Corporation seeking to recover damages as a result of certain alleged fraudulent acts by an agent of Motors Insurance Corporation regarding a release which Morgan executed.

Morgan's petition alleges that he was involved in an automobile accident when his automobile collided with another automobile being driven by Nathan Lee Spence, an uninsured motorist, and that as a result of said collision, Morgan sustained damage to his automobile and also certain personal injuries and that the said Nathan Lee Spence was at fault in causing said damage and injuries.

Morgan carried collision insurance with Motors Insurance Corporation and carried liability insurance with Preferred Mutual Risk Insurance Company. His liability insurance with "Preferred Mutual" also provided protection in the event he suffered damage from and was entitled to recover from any uninsured motorist.

Morgan alleges that during the course of the settlement of his claim for property damages to his automobile with Motors Insurance Corporation, the latter's agent, C. J. Faulkner, fraudulently procured a release which operated as a general release, i. e., released Spence from all claims arising out of the collision, and that Preferred Mutual, because of the release, has refused to pay Morgan what was due him for his personal injuries but has only paid $1,280 "to avoid litigation."

To Morgan's petition, Motors Insurance Company filed a general demurrer. The single enumeration of error of appellant questions the propriety of the trial court's overruling the general demurrer.

Morgan's petition alleges in particular that the release presented to him by Faulkner, defendant's agent, pertained to both property damage and personal injuries and that he told Faulkner that "he did not know whether he was seriously injured or not and . . . that he did not want to sign this release." Whereupon Faulkner told him "that he would have to have a signature on the release and that the release would pertain only to the damage to the automobile and anything pertaining to personal injuries would be deleted from the release form before he filled it out and presented it to. Nathan Lee Spence." Faulkner assured Morgan, it is alleged, "that his signature on the release would not affect the rights of the plaintiff against his liability insurance company." Morgan also affirmatively alleges that he "reluctantly signed the release relying entirely upon the assurance of the agent of the defendant that he would fill in the amount of the cost of repairs in the release and delete anything pertaining to bodily injury."

Thereafter, it is alleged: "Because of the general release executed by the plaintiff at the insistence of the agent for the defendant and because those portions of the release relating to bodily injuries had not been deleted as represented by the agent of the defendant, the plaintiff had no cause of action against the uninsured motorist [Spence] or Preferred Mutual Risk Insurance Company. To avoid litigation, however, Preferred Mutual Risk Insurance Company paid the plaintiff the sum of $1,280.

"The agent of the defendant . . . wilfully misrepresented to the plaintiff that he would delete from the general release all portions of the release relative to personal injuries. This wilful misrepresentation by the defendant's agent was made to induce the plaintiff to sign the release, which he did, to his injury.

"The defendant, by and through its agent, . . . fraudulently and recklessly represented to the plaintiff that he would delete all portions of the release relating to personal injuries when the agent of the defendant knew this fact to be false and was made with the intention of deceiving the plaintiff. The defendant's agent knew that the representations made to the plaintiff were false." *Held:*

1. It appears from the allegations of the petition that the alleged fraud consists merely of a failure to comply with a

promise to delete from a written release signed by the plaintiff that portion thereof relating to personal injuries claimed to have been sustained by the plaintiff, in respect of which the plaintiff was insured by the Preferred Mutual Risk Insurance Company. The present suit was brought by the appellee against the appellant, Motors Insurance Corp., and the release was executed by the plaintiff to appellant in relation to property damage covered by the insurance policy issued by appellant to appellee. Preferred Mutual was not a party to the policy issued by Motors Insurance Corp. and Preferred Mutual is not a party to the present case, nor is it a party to the release. It does not appear that Faulkner was the agent of Preferred Mutual in taking the release.

Plaintiff's petition, among other things, alleges that the defendant (appellant), by and through its agent Faulkner fraudulently and recklessly represented to the plaintiff (appellee) that he would delete all of the portions of the release relating to personal injuries, and that the plaintiff has been injured and damaged in the sum of $8,720 as the result of the acts and doings of the defendant by and through its agent. It is not alleged that the agent was also the agent of Preferred Mutual, nor, for that matter, is the agent a party to the present suit.

The allegations of plaintiff's petition are insufficient to authorize the present action for fraud, as "fraud cannot be predicated upon statements which are promissory in their nature as to future acts." *S. & S. Builders v. Equitable Invest. Corp.,* 219 Ga. 557 (134 SE2d 777), and cases cited. To the same effect, see *Clinton v. State Farm Mut. Auto. Ins. Co.,* 110 Ga. App. 417 (138 SE2d 687); *Adamson v. Maddox,* 111 Ga. App. 533 (142 SE2d 313); *Strickland v. Levy's of Savannah, Inc.,* 112 Ga. App. 665 (145 SE2d 831); *Kennesaw Life &c. Ins. Co. v. Flanigan,* 114 Ga. App. 510 (151 SE2d 881).

This is not a case involving what is called incipient fraud. Even that rule cannot be extended to include those cases in which the promise upon which the promissor is charged with fraud is for any reason unenforceable at the time of its utterance. The alleged promise of Faulkner was not legally binding upon Motors Insurance Corp. The mere fact of the promise to delete from the release Spence, the alleged tortfeasor, and Preferred Mutual in respect of liability for plaintiff's personal injuries shows that the promise was not for the benefit of Motors Insurance Corp. and could not be enforced by it.

Faulkner did not represent Preferred Mutual and his promise did not constitute an obligation enforceable by Preferred Mutual. See *Adamson v. Maddox*, 111 Ga. App. 533, supra.

2. The release given to the appellant, Motors Insurance Corp., the company carrying collision insurance, would not bind appellant as to Preferred Mutual, the company whose policy provided uninsured motorist liability coverage on behalf of appellee Morgan, so that the failure to make the changes in the release given by appellee could not have harmed the appellant.

Moreover, the damages alleged are too remote in that the amount of appellee's damage for personal injuries had not been established by an action against the uninsured motorist. Nor were the alleged damages recoverable, because, with the knowledge that the promised changes had not been made in the release, appellee settled with the liability insurer, Preferred Mutual, and the settlement was accord and satisfaction of the claims for personal injuries against the liability insurer.

3. But assuming that the release as executed could be relied upon by Spence, the alleged tortfeasor, in respect of personal injuries claimed to have been sustained by the plaintiff Morgan, and that Morgan was not otherwise barred from a recovery for personal injuries by executing the release for his property damage (see *Gregory v. Schnurstein*, 212 Ga. 497 (93 SE2d 680)), it still does not appear that Morgan, the plaintiff in this case, has been damaged thereby. He affirmatively alleges that "to avoid litigation" Preferred Mutual paid him $1,280. This can only be construed that Morgan settled his claim against Spence. Therefore, he has not been damaged. He has in effect accomplished that which he claims was prevented. "Fraud without damage, or damage without fraud, gives no cause of action, but when these two concur an action lies." *Green v. Bryant*, 2 Ga. 66, followed in *Brooke v. Cole*, 108 Ga. 251, 252 (33 SE 849); *Code* § 105-301. See also *Foster v. Sikes*, 202 Ga. 122 (42 SE2d 441).

The trial court erred in overruling the defendant's general demurrer for the reasons above stated. The general demurrer should have been sustained and plaintiff's petition dismissed.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

Submitted January 3, 1968—Decided April 19, 1968.

 

*Perry, Walters, Langstaff & Lippitt, Walter W. Hays,* for appellant.

*Smith, Gardner, Wiggins & Geer, Peter Zack Geer,* for appellee.