49459. ELY v. STRATOFLEX, INC. et al.

Eberhardt, Presiding Judge.

Lewis C. Ely left his job at Aeroquip Corporation to begin working for defendant Stratoflex, Inc. Ely testifies by deposition that he changed companies based on promises made by the president of Stratoflex that he would receive better pay and have "a job for the rest of

my working life." In return Ely was to bring with him accounts he had accumulated at Aeroquip, and convert them to Stratoflex customers, as well as to acquire and handle new and existing accounts for Stratoflex. These terms were never incorporated into a written contract. After nearly three years of employment with Stratoflex, Ely was discharged because it "could not afford to retain him any longer."

In his complaint, Ely alleges that Stratoflex (1) breached its oral contract of employment by discharging him, and (2) fraudulently induced him into leaving Aeroquip for the purpose of acquiring accounts which he could switch from his former employer and once having acquired them, discharged him and that such was their intent from the outset. As a result of these acts Ely had suffered damage to his reputation. Stratoflex, after denying the allegations of Ely's complaint, moved for summary judgment, tendering in support depositions and affidavits. From an order granting the motion, Ely makes this appeal.

Ely enumerates as error that two genuine issues of material fact were presented by the pleadings, interrogatories and depositions of Ely: (1) whether part performance would take the employment contract out of the Statute of Frauds and (2) whether Stratoflex had a fraudulent intent when the promises were made to him. *Held:*

1. The term of Ely's employment was indefinite and therefore comes under the statutory rule that "[a]n indefinite hiring may be terminated at will by either party." Code § 66-101; *Lambert v. Georgia Power Co.,* 181 Ga. 624 (183 SE 814); *Land v. Delta Air Lines,* 130 Ga. App. 231 (203 SE2d 316); *Elliott v. Delta Air Lines,* 116 Ga. App. 36 (156 SE2d 656).

We do not reach appellant's contention that there had been such part performance of the oral contract as to take it out of the Statute of Frauds (as to which see *Bentley v. Smith,* 3 Ga. App. 242 (59 SE 720); *Bagwell v. Milam,* 9 Ga. App. 315 (71 SE 684); *Lewis v. Southern Realty Inv. Co.,* 42 Ga. App. 171 (3) (155 SE 369); *Morris v. Virginia-Carolina Chem. Co.,* 48 Ga. App. 702 (3) (173 SE 486); *Alexander-Seewald Co. v. Marett,* 53 Ga. App.

314 (185 SE 589); *Dameron v. Liberty Nat. Life Ins. Co.,* 56 Ga. App. 257, 259 (192 SE 446)), for even if we concluded that there had been part performance and that the Statute of Frauds does not apply, the contract is nevertheless for an indefinite hiring and for that reason is unenforceable. "[A] contract for permanent employment has been held to be a contract to continue indefinitely, and terminable at any time by either of the parties." *Bentley v. Smith,* 3 Ga. App. 242, 247, supra.

2. Ely's second contention is that he is entitled to recover against Stratoflex for fraud. In his petition, he alleges that the defendant's agent made certain promises to induce him to leave his present employment and to work for defendant. These promises were that "my new employment would equal or exceed my expectations of my then present employment"; and "this would be a job for the rest of my working life," and "that I would never be required to relocate out of Atlanta"; and "to pay me a minimum of $20,000.00 per year during the interim it would take me to develop the accounts and volume for which he had solicited me"; and "he would make sure I made enough money so that I didn't need to worry about [a retirement plan and insurance program]." These promises are alleged to have been fraudulently made because defendant's agent knew at the time of making them that they would not be fulfilled.

Actionable fraud cannot be based on statements and promises as to future events. *Beach v. Fleming,* 214 Ga. 303 (104 SE2d 427); *Strickland v. Levy's of Savannah,* 112 Ga. App. 665 (145 SE2d 831); *Clinton v. State Farm Ins. Co.,* 110 Ga. App. 417 (138 SE2d 687); *Crozier v. Provident Life &c. Co.,* 53 Ga. App. 572 (186 SE 719). "Fraud cannot be predicated upon statements which are promissory in their nature as to future acts." *Jackson v. Brown,* 209 Ga. 78 (70 SE2d 756); *Motors Ins. Corp. v. Morgan,* 117 Ga. App. 654 (161 SE2d 382). See, e. g., *Ambrose v. Brooks,* 109 Ga. App. 881 (137 SE2d 573). There is no question that the promises made by defendant's agent to Ely were prospective in nature and therefore fall within the ambit of this rule. Nor does actionable fraud result from a mere failure to perform promises made. *Pantone v. Pantone,* 203 Ga. 347 (46 SE2d 498).

However, Ely attempts to place the promises made here in the line of cases that make an exception to the general rule stated above, and which hold that fraud may be predicated on a promise made with a present intention not to perform. *Hayes v. Hallmark Apts.,* 232 Ga. 307 (1); *Coral Gables v. Hamilton,* 168 Ga. 182 (147 SE 494); *Hill v. Stewart,* 93 Ga. App. 792 (92 SE2d 829); *Floyd v. Morgan,* 62 Ga. App. 711 (9 SE2d 717). In these, and other such cases, the promisee states a cause of action for inceptive fraud if he alleges that the promisor made a promise, even as to a future event, and at the time of making it he had no intention of performing the promise. *Bucher v. Christopher,* 211 Ga. 317, 319 (85 SE2d 760); *Sutton v. McMillan,* 213 Ga. 90, 95 (97 SE2d 139); *Cowart v. Gay,* 223 Ga. 635 (1) (157 SE2d 466). See Prosser, Law of Torts (3d Ed.) 744-745. However, such exception has no application to this case because the promises upon which the promisee relies for establishing fraud were unenforceable even absent any fraud at the time of their utterance. The oral promises could not be enforced because the underlying employment contract, being terminable at will, is unenforceable. This principle is declared and established in *Motors Insurance Corp. v. Morgan,* 117 Ga. App. 654 (1), supra, and in *Adamson v. Maddox,* 111 Ga. App. 533 (3) (142 SE2d 313).

*Judgment affirmed. Deen and Stolz, JJ., concur.*

Argued June 26, 1974 — Decided September 6, 1974.

*John D. Varnell,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, Eugene G. Partain, John D. Lowery,* for appellees.