## 54357. BEASLEY v. PONDER.

BANKE, Judge.

This is an appeal from a summary judgment for the defendant in an action for fraud.

Both the plaintiff and the defendant owned stock in an office supply company. The plaintiff alleged that the defendant induced her to loan the company $10,000 by promising her that he and his father would make loans to the company in an identical amount. None of the terms of the promised loans were specified. The plaintiff further alleged that neither the defendant nor his father ever had any intention of making the loans and that their failure to do so resulted in a loss to her when the company later became insolvent.

The trial court did not err in granting summary judgment to the defendant. Although fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place (*Hayes v. Hallmark Apts.,* 232 Ga. 307, 308 (1) (207 SE2d 197) (1974); *Hill v. Stewart,* 93 Ga. App. 792 (92 SE2d 829) (1956)), fraud cannot be predicated on a promise which is unenforceable at the time it is made. *Adamson v. Maddox,* 111 Ga. App. 533 (3) (142 SE2d 313) (1965); *Motors Ins. Corp. v. Morgan,* 117 Ga. App. 654, 656 (161 SE2d 382) (1968); *Ely v. Stratoflex, Inc.,* 132 Ga. App. 569 (2) (208 SE2d 583) (1974). A promise to make a loan with no specification of the interest rate or maturity date is not enforceable and will not support an action for fraud. *Bonner v. Wachovia Mtg. Co.,* 142 Ga. App. 748 (1) (1977). See also *Anderson v. Hilton & Dodge Lumber Co.,* 121 Ga. 688, 692 (49 SE 725) (1905) and *Swindell & Co. v. Bainbridge State Park,* 3 Ga. App. 364 (60 SE 13) (1907) (holding that a loan agreement must specify a maturity date to be binding).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 14, 1977 — DECIDED OCTOBER 4, 1977 — REHEARING DENIED NOVEMBER 10, 1977

*Kopp, Peavy & Conner, J. Edwin Peavy, David L. Cavender, B. Benson Earle, Jr.,* for appellant.

*Johnson & Morse, Charles F. Johnson, Alexander, Vann & Lilly, Frank T. Holt,* for appellee.