65392. PHILLIPS v. LIBERTY T. V. CABLE, INC. et al.

POPE, Judge.

Plaintiff/appellant Phillips sued defendants/appellees for fraud arising out of the alleged breach of an oral employment agreement. Following the presentation of appellant's evidence, the trial court directed a verdict in favor of appellees. We affirm.

"In order for a fraud to be actionable, the representation relied on must be more than a promise which is void or unenforceable. See *Ely v. Stratoflex,* 132 Ga. App. 569, 208 SE2d 583 (1974)." Barrett v. Independent Order of Foresters, 625 F2d 73, 74 (5th Cir. 1980). In the case at bar the evidence showed that appellant had been employed by appellees since 1973. In 1979 he was injured in a job-related accident and received workers' compensation benefits therefor. Appellant testified that approximately one year later appellees promised him that he could return to work for them upon his obtaining a full release from his physician. Appellant persuaded his attending physician to execute a full release so that he could return to work, even though appellant was not completely recovered from his injuries.

Under Georgia law the promise allegedly made by appellees is unenforceable and cannot form the basis for fraud. "It is well settled that '(a)lthough fraud can be predicated on a misrepresentation as to a future event where the defendant knows the future event will not take place . . . fraud cannot be predicated on a promise which is unenforceable at the time it is made.' *Beasley v. Ponder,* 143 Ga. App. 810 (240 SE2d 111) (1977). And this is controlling in the instant case 'because the promises . . . upon which the promisee [appellant] relies for establishing fraud were unenforceable even absent any fraud at the time of their utterance. The oral promises could not be enforced because the underlying employment contract, being terminable at will, is unenforceable.' *Ely v. Stratoflex,* [supra at 572.]" *American Standard v. Jessee,* 150 Ga. App. 663, 665-6 (258 SE2d 240) (1979);

*Sams v. Duncan & Copeland, Inc.,* 153 Ga. App. 765 (2) (266 SE2d 546) (1980); Barrett v. Independent Order of Foresters, supra. See also *Clare Dev. Corp. v. First Nat. Bank,* 243 Ga. 709 (256 SE2d 452) (1979). Since the evidence demanded a verdict in favor of appellees, the trial court did not err in so directing it.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

Decided April 27, 1983.

*M. Francis Stubbs,* for appellant.
*Bobby T. Jones, James E. Singer,* for appellees.