370 S.E.2d 741

**STATE of West Virginia**

v.

**Harry A. RANDOLPH.**

No. 17337.

Supreme Court of Appeals of West Virginia.

July 5, 1988.

---

Mary Rich Maloy, Asst. Atty. Gen., for the State.

Paul M. Cowgill, Jr., West Union, for defendant.

**PER CURIAM:**

The defendant, Harry A. Randolph, appeals his convictions for receiving and transferring stolen property and assigns as primary error that he was not sufficiently advised of the possible subject of questioning prior to waiving his privilege against self-incrimination. We agree.

On December 26, 1984, Trooper Gibson L. Clark of the West Virginia Department of Public Safety picked up the defendant in West Union, Doddridge County, and took him to the West Union Detachment. The defendant signed a "waiver of rights" form and then signed a statement wherein he admitted purchasing three chain saws and two weed eaters which he suspected might be stolen. The evidence is unrebutted that the defendant was not advised of the nature of the underlying charges which could be lodged against him before he executed the "waiver of rights" form.

After the defendant made this statement, he was indicted on two counts for feloniously receiving stolen property and for feloniously transferring stolen property. The defendant was convicted of both counts in a jury trial during which the incriminating statement was admitted into evidence against him. The defendant was sentenced to two indeterminate terms of not less than one nor more than ten years in the state penitentiary with both terms to run consecutively. The defendant appeals from this conviction.

It is well-settled that a defendant must be informed of and intelligently waive his *Miranda* rights before any custodial interrogation begins. *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). In a criminal case, the burden is on the State to prove, at least by a preponderance of the evidence, that the *Miranda* rights have been given and waived. Syl.Pt. 2, *State v. Rissler*, 165 W.Va. 640, 270 S.E.2d 778 (1980). One factor this Court looks to in determining if a defendant has intelligently and voluntarily waived his *Miranda* rights is whether the defendant was initially advised of the nature of the charge against him. *State v. Goff*, 169 W.Va. 778, 289 S.E.2d 473 (1982).

In *Goff,* we stated our belief "that some information should be given to the defendant as to the nature of the charge in order that he can determine whether to intelligently and voluntarily exercise or waive his *Miranda* rights." *State v. Goff,* 169 W.Va. at 784, n. 8, 289 S.E.2d at 477, n. 8. While the United States Supreme Court has since held that a suspect need not be informed of all possible charges before effectively waiving his *Miranda* rights under the federal constitution, *Colorado v. Spring,* 479 U.S. 564, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987), we find independent authority to protect a person's right not to incriminate himself in Article Three, Section Five of the West Virginia Constitution.

■ The totality of the circumstances in this case shows that the defendant was not informed as to the nature of the charge against him and that he did not knowingly and intelligently waive his *Miranda* rights. The officer did not question the defendant before taking him for interrogation, and the testimony at the suppression hearing reveals that the defendant was not told by the officer of the nature of the offense under investigation. The defendant's previous dealings with law enforcement officers had been limited. The defendant was asked about the offense under investigation only after he had signed the waiver form. Based on the foregoing, we find that the State has not met its burden of proving that the defendant was informed of and intelligently waived his *Miranda* rights.

■ In Syllabus Point 2 of *State v. Goff, supra,* we stated as follows:

A confession that has been found to be involuntary in the sense that it was not the product of the freewill of the defendant cannot be used by the State for any purpose at trial.

Because the defendant was not initially advised of the nature of the charge against him, the trial court erred in admitting the confession into evidence. Therefore, we reverse the case and remand it for a new trial.

Because we reverse and remand on the rationale set forth herein, it is unnecessary for us to discuss the other errors assigned by the defendant.

Reversed and remanded.

NEELY and BROTHERTON, JJ., dissent.