## Mary F. Sartin

### v.

## Edward J. Mazur, et al.

Record No. 861046

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

---

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

Gerald T. Zerkin (Zerkin & Kozak, on briefs), for appellant.
Cleo E. Powell, Senior Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellees.

COMPTON, J., delivered the opinion of the Court.

In this breach of contract action arising from an employment dispute, we consider whether the doctrine permitting free terminability of "at will" employment also applies to an offer of such employment.

Appellant Mary F. Sartin filed this action in the trial court seeking recovery in damages against the Commonwealth of Virginia, as permitted by Code § 8.01-192 (when certain claims against the State disallowed by authorized public official, claimant may petition appropriate circuit court for redress). Named as defendants were Edward J. Mazur, Comptroller, and the Virginia Department of Corrections. The trial court sustained the defendants' demurrer, and we awarded the plaintiff this appeal.

The facts will be stated as set forth in the plaintiff's pleading, the demurrer having admitted the truth of all material facts properly pleaded. In 1984, the plaintiff applied for a job as a Registered Nurse Clinician B with the Department of Corrections at the Mecklenburg Correctional Center. After an interview and after providing requested information, the plaintiff was offered the position by the Department in an August 1984 letter.

The letter informed the plaintiff that she had been "selected for the position"; notified her of the effective date of the employment; advised that her salary would be discussed when she reported for work; and requested her to bring certain documents in order to complete her employment records.

When the plaintiff reported for work on the designated day, she was advised to return the next day. When she appeared the next day, she was told by the Warden of the facility that she could not commence work because "her State police investigation was not complete." Subsequently, she was notified that she could not assume the position because she had omitted information from her application. According to the allegations, the omitted data related to a one-year period of employment some 30 years earlier, which had been included in a resume attached to her application.

The plaintiff alleged that, relying on the offer of employment, she resigned a position with the Veterans' Administration in another part of the State. As a result of the refusal to allow her to assume the position in question, she alleged, she lost wages and benefits and incurred costs incident to relocating in Mecklenburg County. She sought recovery for those items, alleging "a breach of contract for employment" between the plaintiff and the Commonwealth.

The plaintiff relies primarily on *Sea-Land Service, Inc.* v. *O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982), and argues that her claim is virtually indistinguishable from that advanced by the employee in *Sea-Land*. There, the employee desired to change positions with the same employer. She had been a sales representative and desired to become a teletype operator/messenger. The employer advised the employee that she must resign from the old position before she could assume the new one. Following her resignation from the sales position, the employer refused to hire her for the new job. The employee sued the employer for breach of an employment contract.

In affirming a judgment in favor of the employee, we recognized, as the employer argued, that the employment was terminable at will. We noted that the employer may have had the right to discharge the employee either while the employee was a sales representative or when she became a teletype operator/messenger. We said, however, that "the company did not dismiss her this way. Instead, it promised her that, if she resigned from the one position, she would be employed in the other." *Id.* at 349, 297 S.E.2d at 650. We held that the understanding for the exchange of positions "was an undertaking separate and apart from any contract covering the particular position involved and was not subject to any presumption of terminability at will that might have applied to such a contract." *Id.*, 297 S.E.2d at 650. We concluded

that once the employee "performed her part of the bargain by resigning from the first position, Sea-Land became obligated to perform on its part and breached that obligation to her damage when it refused to employ her in the teletype operator/messenger position." *Id.*, 297 S.E.2d at 650.

■ *Sea-Land* does not control the decision of the present case. There are important differences between that case and this. One difference, acknowledged by the plaintiff, is that the *Sea-Land* employee had resigned from one position to accept another position with the same company. Here, the plaintiff had resigned from employment with a different employer.

More importantly, in the present case the Department of Corrections made no separate agreement with the plaintiff in which her employment with the Commonwealth was expressly conditioned upon her resigning from her previous employment. Instead, the Department made an offer with no preconditions, as the Attorney General argues, a situation wholly different from *Sea-Land*.

Not only is *Sea-Land* inapposite, the plaintiff's case suffers from yet another defect. There is no allegation that the plaintiff's employment by the Department was to be other than employment at will. No specific time was fixed for the duration of the employment. Therefore, "there is a rebuttable presumption that it is an employment at will, terminable at any time by either party." *Norfolk Southern Ry. Co. v. Harris*, 190 Va. 966, 976, 59 S.E.2d 110, 114 (1950).

■ Because the actual employment was terminable at will, it would be illogical to hold, as the plaintiff urges, that somehow the offer of such employment was not terminable at will. It would be absurd to require an employer, which had changed its mind after an offer had been made, to actually employ the applicant for one hour or one day so that the employee could then be discharged.

■ Consequently, we hold that an offer for at will employment is terminable at any time, which includes the time before the prospective employee assumes the position. In sum, the doctrine of free terminability draws no distinction between the offer of employment and the actual act of employment. In this case, there was merely an unfulfilled promise to give employment which was revocable at will by the employer.

Therefore, we find no error in the ruling of the trial court. The judgment below in favor of the defendants will be

*Affirmed.*