A89A0896. K'S COMPANY, INC. v. GALLERIA MALL
ASSOCIATES et al.
(386 SE2d 672)

BANKE, Presiding Judge.

The appellant, K's Company, Inc., operated a delicatessen and sandwich shop in a shopping mall owned by the appellee. It filed the present action to rescind its lease and to recover actual and punitive damages based on allegations of fraud. The appellee counterclaimed to recover past-due rent, to collect monies allegedly owed under a promissory note, and to recover damages for abusive litigation. The trial court granted partial summary judgment to the appellee with respect to the appellant's fraud claim, and this appeal followed.

The appellant's president, Kelecki, testified that representatives of the appellee approached him during the term of his original lease with the idea of acquiring additional space in the mall in which to expand his business. He stated that he informed the appellee's representatives that he would not be interested in expanding unless the appellee agreed not to lease space in the mall to a competing restaurant and that the appellee's representatives responded by telling him it was illegal to insert such a clause into a written lease contract in Georgia but that the appellee would agree to such an arrangement orally. Kelecki maintained that in reliance on this promise he executed a new 10-year lease on September 27, 1983, covering additional space in the mall.

While it is undisputed that Kelecki requested the placement of an "exclusive use" provision in the lease, the appellee denies that its agent ever agreed to such a provision, either orally or in writing. The appellee further denies that its agents ever told Kelecki that exclusive use agreements were illegal in Georgia.

The appellant operated an expanded restaurant in the mall at a steadily increasing profit for approximately 1-½ years after signing the new lease, at which time a new restaurant opened in the mall offering a menu similar to that offered by the appellant. Almost immediately thereafter, the appellant's business declined to the point

where it was operating at a loss. Kelecki discussed the situation with the appellee's representative, who allegedly told him the appellee would make "every effort to work with" him and would make "certain rent concessions if necessary." However, all efforts to save the business were unsuccessful; and in a letter dated July 7, 1986, the appellant notified the appellee that it was rescinding the lease agreement and vacating the premises. *Held*:

1. The trial court correctly concluded that the appellee's alleged representations did not constitute actionable fraud. "Although fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place [cit.], fraud cannot be predicated on a promise which is unenforceable at the time it is made." *Beasley v. Ponder*, 143 Ga. App. 810 (240 SE2d 111) (1977). See also *Casgar v. C & S Nat. Bank*, 188 Ga. App. 234 (1) (372 SE2d 815) (1988); *Phillips v. Liberty T.V. Cable*, 166 Ga. App. 411 (304 SE2d 516) (1983); OCGA § 13-5-5. Any agreement that is not to be performed within one year from the making thereof is, of course, required to be in writing pursuant to the Statute of Frauds. See OCGA § 13-5-30 (5). Thus, the alleged oral promise by the appellee which is the subject of this action was not one upon which the appellant was legally entitled to rely. Accord *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 572 (208 SE2d 583) (1974). It follows that the trial court did not err in granting partial summary judgment to the appellee with respect to the appellant's claim for rescission and other relief based on fraud.

2. The appellant's remaining contentions are rendered moot by the foregoing.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989 — 

*Richard J. Dreger*, for appellant.
*Holt, Ney, Zatcoff & Wasserman, Stephen C. Greenberg, David F. Cooper*, for appellees.