## CIRCUIT COURT OF FAIRFAX COUNTY

Pamela Podraza

     v.

Northern Virginia
Psychiatric Group, P.C.

November 14, 1990

Case No. (Law) 90075

By JUDGE JOHANNA L. FITZPATRICK

This case comes before the Court to consider defendant's demurrer to plaintiff's Second Amended Motion for Judgment. Plaintiff, Pamela Podraza, seeks damages arising out of a tender and subsequent withdrawal of an offer of at will employment by defendant Northern Virginia Psychiatric Group, P.C. ("NovaPsy"). Plaintiff filed her Second Amended Motion for Judgment after this Court sustained defendant's demurrer to the original Motion for Judgment and partially sustained defendant NovaPsy's Demurrer to the First Amended Motion for Judgment. For the reasons stated below, the defendant's Demurrer to the plaintiff's Second Amended Motion for Judgment is sustained.

In May, 1988, plaintiff met with defendant's authorized agent and employee, Ms. Linda Fisher, to discuss plaintiff's possible employment by defendant. The employment negotiations continued through June, 1988, and included a meeting between plaintiff and Dr. Goldstein. Plaintiff alleges that on or about June 27, 1988, she was offered employment by defendant as a clinician, at a salary of $29,000.00 per year, to commence August 1, 1988. She further alleges that she accepted defendant's offer on or about June 30,

1988, and gave thirty days' notice to her then employer, American Psychiatric Management ("APM").

The plaintiff alleges that the defendant wrongfully refused to honor its commitment when it informed her, in late July, 1988, that she would not be employed by defendant because there had been a misunderstanding. Indeed, the defendant alleges that Ms. Fisher and Dr. Goldstein were unaware that plaintiff was a Licensed Social Worker ("LSW") and not a Licensed Clinical Social Worker ("LCSW"). The defendant claims the plaintiff's licensing qualifications precluded her from being hired by NovaPsy.

On April 7, 1989, plaintiff filed her Motion for Judgment in this cause. The Motion for Judgment alleged fraudulent misrepresentation and deceit (Count I), tortious interference with contractual relations (Count II), equitable estoppel (Count III), and breach of contract (Count IV).

The defendants filed demurrers to all counts in May, 1989. The demurrers were argued before this Court on August 4, 1989, and the demurrers were sustained at the close of argument.

On January 3, 1990, plaintiff filed her Amended Motion for Judgment. The Amended Motion for Judgment alleged, as before, fraud, tortious interference with contractual relations, and equitable estoppel, but Count IV was changed from breach of contract to negligence.

Defendants filed demurrers to Counts II (tortious interference with contract) and IV (negligence) in February, 1990. The demurrers were argued before this Court on March 23, 1990. During the course of that hearing, plaintiff voluntarily nonsuited the case as to defendant Leonard S. Goldstein, M.D. Defendant NovaPsy's demurrer to Count II was sustained, while its demurrer to Count IV was overruled.

On June 4, 1990, plaintiff filed her Second Amended Motion for Judgment. The Second Amended Motion for Judgment duplicated the plaintiff's First Amended Motion for Judgment, except Count II now alleged that the defendant intentionally and improperly interfered with her previous employment relationship.

In August, 1990, defendant filed a demurrer, which is presently at issue before this Court, to plaintiff's Second Amended Motion for Judgment.

The plaintiff asserts in Count I that the defendant (1) made a representation which was not true, (2) she relied thereon to her detriment, and (3) that she may recover for the false representation whether it was knowingly or innocently made. *B-W Acceptance Corp. v. Benjamin T. Crump Co.,* 199 Va. 312, 99 S.E.2d 606 (1957). As stated, plaintiff's allegation amounts only to an unfulfilled promise of at will employment. The Supreme Court has held that an unfulfilled promise to give employment is revocable at will by the employer. *See Sartin v. Mazur,* 237 Va. 82, 370 S.E.2d 741 (1989). Therefore, the Court must find that Count I of the Second Amended Motion for Judgment fails to state a cause of action. Additionally, this Court sustained defendant's demurrer to Count I in the original Motion for Judgment, and Count I in the Second Amended Motion for Judgment is identical to the original.

Count II alleges that the defendant tortiously interfered with plaintiff's at-will employment contract with APM. The plaintiff alleges that the defendant fraudulently misrepresented to the plaintiff that she had the job and that the defendant employed improper methods in causing her to terminate her employment with APM. The defendant's position is that plaintiff failed to state a cause of action because plaintiff herself was the party defendant allegedly induced to terminate the APM employment relationship. *See Chaves v. Johnson,* 230 Va. 112, 335 S.E.2d 97 (1985) ("[o]ne who intentionally and improperly interferes with the performance of a contract . . . between another and a third person by causing the third person not to perform the contract is subject to liability to the other . . . ."). To this end, because defendant did not cause APM to terminate their at-will employment relationship with the plaintiff, the Court must find no tortious interference.

Count III is an equitable estoppel claim in that plaintiff relied on defendant's misrepresentations, i.e., giving notice to her then current employer, and thereby changed her position to her detriment. The plaintiff argues defendant should be estopped from denying that the position was available and estopped from denying that the position had been offered to the plaintiff. The plaintiff has pleaded nothing more than an offer of at will employment which was subsequently withdrawn by NovaPsy. *See Sartin v. Mazur,*

*supra,* and, as such, fails to state a legally sufficient cause of action. The Court also notes defendant's previous demurrer to Count III was sustained by this Court, and Count III as it presently appears in the Second Amended Motion for Judgment is identical to Count III in the original Motion for Judgment. Consequently, the defendant's demurrer to Count III is also sustained.

Count IV of plaintiff's Second Amended Motion for Judgment avers that both Dr. Goldstein and Linda Fisher were aware that plaintiff was a LSW and not a LCSW. She further alleges that at no time did either Dr. Goldstein or Linda Fisher expound that she could not be hired because she was not a LCSW. Indeed, defendant's President/Corporate Director allegedly told her he "had no idea" that plaintiff's qualifications would create problems with defendant's patient insurance reimbursements. Therefore, the plaintiff asserts defendant negligently failed to supervise, instruct, and inform its own employees of its hiring requirements.

Whether framed as a claim based in tort or in contract, plaintiff's damages arise from the same insufficient set of contractual allegations. *See Miller v. SEVAMP, Inc.,* 234 Va. 462, 362 S.E.2d 915 (1987) (where the Supreme Court limited recovery for a tortious discharge to those cases which "violate public policy"). The plaintiff did not allege that the defendant's act in discharging her was done in retaliation or that the defendant's actions have any impact upon the public policy established by existing laws. As such, the Court finds that the defendant owed no duty to the plaintiff, *see Sartin v. Mazur, supra,* and therefore was not negligent when they withdrew their offer of employment. Accordingly, Count IV of the Second Amended Motion for Judgment is dismissed.