Michael W. SNEED, Plaintiff,

v.

**AMERICAN BANK STATIONARY COMPANY, a DIVISION OF the ABS CORPORATION, Defendant.**

Civ. A. No. 90–0287–R.

United States District Court,
W.D. Virginia.

April 22, 1991.

Jeffrey A. Fleischhauer, Greenberg & Associates, Roanoke, Va., for plaintiff.

Clinton S. Morse, Woods, Rogers & Hazlegrove, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff Michael Sneed filed this action against American Bank Stationary Company (ABS) for wrongful discharge. Plaintiff's amended complaint alleges three counts: breach of contract, fraud, and violation of Virginia's Rights of Persons With Disabilities Act. The Court's jurisdiction is founded upon 28 U.S.C. § 1332(a) (1988), as the parties are diverse in citizenship and the amount in controversy exceeds $50,000.

Defendant has filed a motion for summary judgment on all three counts. The parties have filed memoranda in support of their positions and the Court has heard argument; accordingly, defendant's motion is ripe for disposition.

## STATEMENT OF FACTS

On June 12, 1989, Defendant ABS, a Virginia corporation, offered Michael Sneed a job in Virginia. At the time of the offer, Sneed was living in California. Sneed accepted the offer the same day it was made, and was told to report to work on July 10, 1989. In preparation for his relocation to Virginia, Sneed sold his home in California on June 17th, and resigned from his job on June 27th. At the request of ABS, plaintiff underwent a physical examination on June 28, 1989. Two days later plaintiff was told that ABS would not hire him because of the results of an audiogram test for hearing loss. Plaintiff subsequently filed this action for lost wages, moving expenses, emotional distress damages, and punitive damages. Defendant answered and filed a motion to dismiss and for summary judgment.[1]

## A. BREACH OF CONTRACT

Plaintiff claims that summary judgment should not be granted in favor of defendant because the withdrawal of the employment offer breached the contract and violated the implied covenant of good faith. Plaintiff asserts that such a cause of action is viable as it is recognized under California law. In turn, plaintiff contends that California law is applicable in this case because the negotiation, acceptance, and withdrawal of the offer all occurred in California.

### 1. Virginia Choice of Law

As this is a diversity action, this Court must apply the choice of law principles of Virginia, the jurisdiction in which the Court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under Virginia choice of law, the law of the place of performance governs questions concerning performance of a contract. *Equitable Trust Co. v. Bratwursthaus Management Corp.*, 514 F.2d 565 (4th Cir.1975); *Madaus v. November Hill Farm, Inc.*, 630 F.Supp. 1246 (W.D.Va.1986). A contract breach is

1. Attached to defendant's memoranda in support of its motion are affidavits and a copy of a government contract. Accordingly, the Court will treat this as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). In doing so, the Court must view the factual issues in the light most favorable to the non-moving party—the plaintiff. *Lujan v. National Wildlife Fed'n*, —— U.S. ——, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990).

a performance issue and thus, is regulated by the law of the place of performance. *See Arkla Lumber & Mfg. Co. v. West Virginia Timber Co.,* 146 Va. 641, 132 S.E. 840 (1926); Restatement of Conflicts § 370 (1934); 16 Am.Jur.2D, *Conflict of Laws* § 96 (1979). Furthermore, in cases in which a contract is made in one state, but is to be performed in another, the law of the place of performance governs. *Poole v. Perkins,* 126 Va. 331, 101 S.E. 240 (1919); *see also Roberts v. Aetna Cas. & Sur. Co.,* 687 F.Supp. 239 (W.D.Va.1988) (citing *Poole* with approval). This rule results from the presumption that if contracting parties intended for the contract to be governed by a law other than the place of performance, they would specify the intent in the contract. *See* Michie's Jurisprudence *Conflict of Laws, Domicile, and Residence* § 25 (1990). It is undisputed in this case that performance, *i.e.* employment, was to occur in Virginia. Thus, contrary to plaintiff's contention, the law of Virginia is applicable.

### 2. *Employment at Will*

■ Plaintiff's claim for breach of employment contract is founded upon the oral offer that he accepted. However, it is a fundamental principle under Virginia law that if no specific time is fixed for the duration of the employment, it is presumed to be an employment-at-will. *Norfolk S. Ry. Co. v. Harris,* 190 Va. 966, 976, 59 S.E.2d 110, 114 (1950). Plaintiff has not alleged that his employment was to be for a specified length of time, nor has he presented any evidence to rebut the presumption of at-will employment. "[A]n offer for at will employment is terminable at any time, which includes the *time before* the prospective employee assumes the position." *Sartin v. Mazur,* 237 Va. 82, 85, 375 S.E.2d 741, 743 (1989) (emphasis added). Consequently, the Court must conclude that the offer was for an employment-at-will and ABS's withdrawal of the offer was permissible.

### 3. *Implied Covenant of Good Faith*

■ Plaintiff's claim for contract breach also alleges breach of an implied covenant of good faith and fair dealing. However, this Court specifically has rejected such a claim in the past, because the cause of action is not recognized under Virginia law. *Firebaugh v. General Elec. Co.,* No. 85–0763 (W.D.Va. March 11, 1987), *aff'd,* 838 F.2d 1209 (4th Cir.1988); *see also Bowman v. State Bank of Keysville,* 229 Va. 534, 331 S.E.2d 797 (1985).

Because defendant's withdrawal of the employment offer was permissible, and Virginia law does not recognize a cause of action under implied covenants of good faith for employment contracts, the Court must grant defendant's motion for summary judgment as to Count One.

### B. FRAUD

■ Count Two of plaintiff's amended complaint alleges fraud. Plaintiff claims that ABS had a duty to inform him that his employment offer could be revoked at will and it breached that duty by "willfully suppressing this fact," leading Sneed to rely upon the misrepresentation.

In order to sustain a fraud claim, it must be shown that defendant made a false representation of a material fact with the intent to mislead, and plaintiff relied upon the representation to his detriment. *Winn v. Aleda Constr. Co.,* 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). Plaintiff's claim is insufficient because it fails to allege a false representation by the defendant. He has neither alleged nor presented any evidence to support an inference that defendant intended to mislead him. Further, the complaint fails to state the circumstances constituting the fraud with the requisite particularity. *See* Fed.R.Civ.P. 9(b).

Plaintiff merely states that defendant breached his "duty" to inform him of the fact that the employment offer could be withdrawn at will. However, defendant did not have such a duty, and thus, did not breach it. This merely is a case in which the promisor failed to keep his word. Plaintiff has not alleged or supplied any evidence to support an inference that defendant intended, *at the time the offer was made,* to withdraw the offer later. It was

not until after ABS received the audiogram results that it decided not to hire Sneed.

Additionally, in order to recover for fraud, plaintiff's reliance upon the defendant's representation must have been reasonable. *See In re EPIC Mortgage Litig.*, 701 F.Supp. 1192, 1243 (E.D.Va.1988); *Jefferson Standard Life Ins. Co. v. Hedrick*, 181 Va. 824, 835, 27 S.E.2d 198, 202 (1943). Here, Mr. Sneed's reliance was not reasonable because the underlying employment contract, being terminable at will, is unenforceable. *See White v. International Tel. & Tel. Corp.*, 718 F.2d 994 (11th Cir.1983), *cert. denied*, 466 U.S. 938, 104 S.Ct. 1914, 80 L.Ed.2d 462 (1984); *Philips v. Goodyear Tire & Rubber Co.*, 651 F.2d 1051 (5th Cir.1981); *Jacobs v. Georgia–Pacific Corp.*, 172 Ga.App. 319, 323 S.E.2d 238 (Ct.App.1984); *Ely v. Stratoflex, Inc.*, 132 Ga.App. 569, 208 S.E.2d 583 (Ct.App. 1974). "[W]here a promise is legally unenforceable ... a plaintiff is unable, *as a matter of law*, to establish that his reliance was reasonable." *Longnecker v. Ore Sorters (N.A.), Inc.*, 634 F.Supp. 1077, 1082 (N.D.Ga.1986) (emphasis added) (citing *White*, 718 F.2d at 997). An unfulfilled promise regarding a prospective event, standing alone, does not support a cause of action for fraud. Plaintiff's fraud claim is nothing more than "attempt to dress up a contract claim in a fraud set of clothes." *City of Richmond v. Madison Management Group*, 918 F.2d 438, 447 (4th Cir. 1990). Accordingly, judgment must be granted in favor of defendant as to Count Two.

## C. VIRGINIA'S RIGHTS OF PERSONS WITH DISABILITIES ACT

Plaintiff also asserts that defendant's withdrawal of the employment offer violates Virginia's Rights of Persons With Disabilities Act (Act), VA Code Ann. § 51.5–41 (1988), because ABS discriminated on the basis of plaintiff's hearing disability.

The Act provides, in relevant part: "[n]o employer shall discriminate in employment ... against an otherwise qualified person with a disability solely because of such disability." § 51.5–41(A). However, a subsection of the Act also states: "this section shall not apply to employers covered by the federal Rehabilitation Act of 1973." § 51.5–41(F). Defendant asserts that plaintiff's claim must be dismissed because ABS is an employer covered by the Rehabilitation Act of 1973. The Court agrees.

The Rehabilitation Act of 1973 requires government contractors and subcontractors to take affirmative action to employ qualified handicapped individuals. The legislation, and any regulations promulgated under its authority, *see* 29 U.S.C. § 793(a) (1988), apply to all federal government contracts and subcontracts for $2,500 or more. 29 U.S.C. § 793(a); 41 C.F.R. § 60–741.1 (1990). Defendant has submitted affidavits from Mr. Robert Keesling, Director of Product Administration for Clarke American,[2] and a copy of a government contract. The affidavits and the contract establish that ABS had an agreement with the Agricultural Marketing Service, a division of the Department of Agriculture. The contract was effective January 1987 through December 1989, and required ABS to supply warehouse receipts to the government in return for payments of in excess of $2,500. This unrebutted evidence[3] establishes that ABS had a contract, for an amount in excess of $2,500, with a government agency during the periods that the alleged discrimination occurred. *See* 41 C.F.R. § 60–741.2 (1990) (defining the terms "agency", "contract", "contractor", and "government"). Consequently, the Rehabilitation Act of 1973 is applicable, rather than the Act, and the Court must grant

---

**2.** Clarke American is a company that was formed by the merger of ABS and Clarke Checks.

**3.** Plaintiff contends that the submitted affidavits and contract fail to comply with Rule 56, yet plaintiff has not rebutted this evidence or offered any contrary evidence. Thus, the Court believes that there is sufficient evidence to support defendant's motion for summary judgment.

defendant's motion for summary judgment as to Count Three.[4]

## CONCLUSION

The Court must grant defendant's motion for summary judgment on all counts. Defendant's offer, even after acceptance, could be withdrawn at anytime because it was for employment at will. As such, plaintiff does not have a cause of action sounding in either contract or tort. Finally, plaintiff's claim under the Virginia statute must be dismissed because its applicability is preempted by the federal Rehabilitation Act of 1973.

---

**4.** The Court notes that even if plaintiff had asserted his claim under the federal Rehabilitation Act of 1973, the Court would have to dismiss the claim. Any individual with handicaps who believes that a contractor has violated the provisions of the Rehabilitation Act of 1973 first must file a complaint with the Director of the Office of Federal Contract Compliance Programs of the United States Department of Labor within 180 days of the alleged violation. 41 C.F.R. § 60–7741–26(a) (1990). Plaintiff apparently has not filed such a complaint.