Raymond G. Mead

v.

Kroger Co.

October 8, 1996

Case No. (Chancery) 96-70

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on September 26, 1996, for argument on the Defendant's Demurrer. Susan C. Minkin, Deborah J. Feliks, and George Wiszynski, Esquires, appeared for the Plaintiff; and Bruce G. Sandmeyer, Esquire, and Diane M. Baum, Esquire, appeared for the Defendant.

Upon consideration whereof, it appears to the Court that the following facts are not at issue in this case.

Defendant Kroger Company is a retail grocery chain which operates a grocery store in Winchester, Virginia. In July 1995, the Plaintiff was employed as a full-time meat cutter in Denver, Colorado, by a Kroger subsidiary.

The Plaintiff alleges that in late July 1995, he was residing in Colorado, learned that Kroger had job opportunities in Virginia, called the Kroger hiring agent in Virginia, and that he was told by Kroger's hiring agent that if he would move to Virginia "quickly" he could start as a full time meat cutter in the Winchester store beginning August 15, 1995. The Plaintiff further alleges that "relying on Kroger's representations" that he would be permanently employed in Virginia, he quickly sold most of his possessions in Colorado at a loss, quit his secure job, rented a trailer, and moved to Virginia.

The Plaintiff further alleges that after he arrived in Virginia, he was told there were no full time meat cutter positions left in the Winchester store,

but Kroger offered him a part time meat cutter position in Winchester working twenty-four hours a week, which he accepted. Mead began work for Kroger on August 15, 1995, and worked for Kroger in Winchester until on or about October 22, 1995, when Kroger laid Mead off.

During the approximate two month period that Mead worked for Kroger at the Winchester store he was subject to a collective bargaining agreement which is filed as a Defendant's exhibit in this case.

Kroger claims that the Virginia "Employment at Will Doctrine" and the exclusive remedies provided under the collective bargaining agreement bar the Plaintiff's assertion of a claim against Kroger.

The Plaintiff claims that he has a promissory estoppel right of action which arises from the promise made to him when he was living in Colorado.

In considering a demurrer the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). The Supreme Court recently reviewed the principles governing the trial court's ruling on a demurrer in *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993), in which it stated:

> "A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988).

Having read the bill of complaint, and drawing "all reasonable inferences fairly and justly drawn from the facts alleged . . . in aid of the pleadings," it would appear that the bill of complaint does state a promissory estoppel right of action based on the alleged preemployment promises made by Kroger's hiring agent in Virginia. *See Stone Printing & Mfg. Co. v. Dogan*, 234 Va. 163, 360 S.E.2d 210 (1987) ("[A] promise which the promisor should reasonably expect to induce action . . . and which does induce such action . . . is binding if injustice can be avoided only by enforcement of the promise."). The Defendants rely upon *Sartin v. Mazur*, 237 Va. 82, 375 S.E.2d 741 (1989); and *Sneed v. American Bank Stationery Co.*, 764 F. Supp. 65 (W.D. Va. 1991), but both of those cases were decided on the fact

that offers for employment are revocable at the will of the employer, and those courts did not rule on any promissory estoppel right of action.

Any breach of contract action based on a breach of the collective bargaining agreement or arising from Mead's employment in Virginia by Kroger would have to be arbitrated under that agreement. *Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir. 1996).

A state law right of action based on a pre-employment promise deals with a subject matter not covered by the collective bargaining agreement, so its resolution is not preempted by federal law, because the right of action does not derive from the rights and obligations created by the collective bargaining agreement. *See Allis-Chalmers v. Lueck*, 471 U.S. 202, 85 L. Ed. 2d 206, 105 S. Ct. 1094 (1985).

The effect of the Statute of Frauds on this case remains to be determined. The employment contract in this case is potentially subject to the statute of frauds, because it allegedly provides for permanent employment. Virginia Code § 11-2(8); and *Falls v. Virginia State Bar*, 240 Va. 416, 397 S.E.2d 671 (1990).

For the foregoing reasons, it is adjudged and ordered that the Defendant's Demurrer is sustained as to all rights of action except that based on promissory estoppel.