77198, 77199. CHRISTENSEN v. ROBERDS OF ATLANTA, INC.;
and vice versa.
(375 SE2d 267)

CARLEY, Judge.

In January of 1984, appellant-plaintiff accepted an oral offer of employment with appellee-defendant. Thereafter, appellant was paid a salary but no bonuses. In July of 1984, appellant's wife had a baby. Because the pregnancy was considered a "pre-existing condition" as of the time of appellant's hiring, the insurance coverage that was provided to appellee's employees did not cover any of the expenses incurred in connection with the delivery of the baby. In 1986, appellant resigned from his employment. After his resignation, appellant filed this contract action against appellee. Appellant's complaint alleged, in material part, that he had been induced "to accept employment based upon the promise of [appellee] to [him] that bonuses of $7,000 to $8,000 per year would be paid and that all maternity expenses of [his] wife would be paid by [appellee] or its insurance. . . ." Based upon these allegations, appellant sought to recover unpaid annual bonuses for 1984 and 1985 and the unpaid medical expenses incurred in connection with his wife's pregnancy.

Appellee answered and, after a period of discovery, moved for summary judgment. With regard to appellant's claims for his wife's medical expenses, the trial court granted summary judgment in favor of appellee. With regard to appellant's claim for unpaid annual bonuses, however, the trial court denied appellee's motion. In Case No. 77198, appellant appeals from the partial grant of appellee's motion for summary judgment. In Case No. 77199, appellee cross-appeals from the partial denial of its motion.

*Case No. 77198*

1. Appellant enumerates the partial grant of appellee's motion for summary judgment as error, urging that a genuine issue of material fact remains as to whether appellee had made a binding oral contract to pay the medical expenses incurred as the result of his wife's pregnancy.

As evidentiary support for this contention, appellant relies upon his own affidavit which was filed in response to appellee's motion for summary judgment. In that affidavit, appellant averred that, in his interview for employment, appellee's president had "assured [him] that the cost of the pregnancy would be covered under the company's policy *or paid by [appellee]*." (Emphasis supplied.) In his earlier deposition, however, appellant had been asked if appellee's president had "ever [said] to [him] who would pay the medical expenses?" Appellant responded that appellee's president had not done so. Appellant

was then asked: "So [appellee's president] never explicitly said, '[appellee] is going to pay the expenses' or 'this insurance company is going to pay the expenses,' or he didn't make mention or tie it down to who it was that was going to pay the expenses?" Appellant's answer was: "As far as out-of-pocket, he didn't say. He just said that the insurance—it would be taken care of under the policy." Accordingly, there is a contradiction between appellant's earlier deposition and his later affidavit. In his deposition, appellant indicated that appellee's president had made only representations relating to the existence of coverage for the expenses of his wife's pregnancy under its employees' insurance plan. In his affidavit, however, appellant indicated the existence of an entirely different promise, whereby appellee would itself be an independent alternative source of payment of his wife's medical expenses.

"In each case, whether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. On summary judgment this is a question for the judge to decide. It is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony. To say that testimony is *directly* contradictory adds nothing to the statement that it is contradictory. Neither does the issue turn on whether the party-witness' second statement *intentionally* contradicts his first. There are situations in which an honest mistake has been made in the first statement; the proper approach is to *intentionally* contradict the first statement by way of explanation. We point out that even where testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge. [Cits.] On the other hand, a careless and untruthful witness may have simply forgotten what was said in the first statement, and tailored his second statement to meet the needs of the occasion without regard to the truth. He may have no *intent* to contradict the first statement, but surely the law will construe this contradiction against him." (Emphasis in original.) *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). "[T]he record in the present case suggests no explanation whatever for [appellant's] contradictory testimony. . . ." *Georgia Farm &c. Ins. Co. v. Nolan*, 180 Ga. App. 28, 29 (348 SE2d 554) (1986). Accordingly, the contradiction will be construed most strongly against appellant even though he is the non-moving party. Appellant's deposition shows that appellee made no promise that, in consideration of accepting the offer of employment, it would itself pay the medical expenses. If that is so, then appellant clearly has no contractual claim against appellee for those expenses. "A contract is an

agreement between two or more parties for the doing or not doing of some specified thing." OCGA § 13-1-1. Appellant's deposition indicates that, rather than making a promise to bind itself, appellee only represented that its employees' insurance plan would cover the expenses of the pregnancy. The making of such a representation might be a material fact had appellant alleged a tort claim against appellee for those expenses. See *Minter v. Ga. Piggly-Wiggly Co.*, 185 Ga. 116 (194 SE 176) (1937). However, appellant has asserted no tort claim for the allegedly false representation concerning insurance coverage. Appellant has alleged only a contract claim based on appellee's alleged oral promise to pay for his wife's medical expenses. Construing the evidence of record as must be done on summary judgment, appellee did not make a binding promise that it would assume independent financial responsibility for those expenses. It follows that the trial court correctly granted partial summary judgment in favor of appellee as to this contractual claim.

## Case No. 77199

2. In this cross-appeal, appellee enumerates the partial denial of its motion for summary judgment as error, urging that no genuine issue of material fact remains as to appellant's recovery on the alleged oral agreement that he would be paid a yearly bonus in addition to his salary.

In his affidavit, as well as in his deposition, appellant stated that appellee's president "also told [him] prior to [his] acceptance of employment with [appellee] that bonuses would be paid to [him] by [appellee] in addition to [his] salary and that the amount of these bonuses would be $7,000 to $8,000 per year." " 'In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference. Until all understand alike, there can be no assent, and therefore, no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode is agreed on by which it may be settled, there is no agreement.' [Cit.]" *Aero Constr. Co. v. Grizzard*, 76 Ga. App. 649, 652 (2) (46 SE2d 767) (1948). " 'In a contract of employment the compensation to be paid is a material part, and until the parties have agreed upon a *definite amount* to be paid the contract is incomplete; and until each party has assented to the material parts of the contract either party has a right to withdraw therefrom.' [Cit.]" (Emphasis supplied.) *Weill v. Brown*, 197 Ga. 328, 333 (29 SE2d 54) (1944).

Construing the evidence of record most favorably for appellant, there was no agreement between the parties as to the exact amount that appellant was to receive as a bonus and there was no formula or

method for determining the exact amount of the bonus. Compare *Harrell v. Deariso*, 82 Ga. App. 774 (62 SE2d 434) (1950); *Cary v. Neel*, 54 Ga. App. 860 (189 SE 575) (1936). "The fact that [appellee] never at any time promised to pay any *definite* sum for the performance of any services by [appellant] is itself sufficient to defeat any right in [appellant] to recover on any promise by [appellee]. . . ." (Emphasis supplied.) *Mosteller v. Mashburn*, 64 Ga. App. 92, 99 (12 SE2d 142) (1940). Since the oral contract relied upon by appellant was legally unenforceable, the trial court erred in failing to grant appellee's motion for partial summary judgment as to appellant's contract claim for unpaid bonuses. See generally *King v. State Farm &c. Ins. Co.*, 117 Ga. App. 192 (2) (160 SE2d 230) (1968); *Parks v. Atlanta News Agency*, 115 Ga. App. 842 (156 SE2d 137) (1967).

*Judgment affirmed in Case No. 77198; reversed in Case No. 77199. Sognier, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED OCTOBER 31, 1988 —
REHEARINGS DENIED NOVEMBER 16, 1988.

*Arnold S. Kaye, J. Robert Thompson*, for appellant.
*Scoggins, Ivy & Goodman, Luke A. Kill, Joseph C. Chancey*, for appellee.