A90A0894. EVANCHO v. BAKER.
(397 SE2d 166)

COOPER, Judge.

Appellant was injured when the vehicle she was driving collided with a cow in the roadway adjacent to property owned by appellee Baker. At the time of the collision, appellee was allowing co-defendant Mitchell to keep his cattle on her property, provided Mitchell maintained the fence around the property. Appellee agreed to provide the materials for necessary repairs to the fence. The record reveals that appellee was interested in the work that Mitchell performed on the fence, however appellee herself did not inspect the fence, as Mitchell had agreed to do so. Mitchell and appellee are cousins and Mitchell did not pay appellee for the use of her property. Appellant brought this action against both parties for damages resulting from the accident. Appellee's motion for summary judgment was granted by the trial court and this appeal followed. Mitchell was not included in the summary judgment motion, and he is not a party to this appeal.

1. Appellant first enumerates as error the trial court's ruling that appellee owned the land, but did not control the cattle under OCGA § 4-3-1 et seq. Section 4-3-3 of the Georgia Code prohibits an "owner" from permitting livestock to run at large or to stray onto public roads. OCGA § 4-3-2 defines "owner" as "any person . . . owning, having custody of, or in charge of livestock." The evidence in the record before us reveals that appellee, pursuant to her agreement with Mitchell, was not at all involved in keeping the livestock. She simply allowed Mitchell the use of her land as long as he tended to all aspects of his cattle and maintained the fence. Neither appellee's interest in the property, her provision of supplies to repair the fence, the fact that appellee's son assisted Mitchell in repairing the fence nor the familial connection between appellee and Mitchell changed the fundamental relationship among appellee, Mitchell and the cattle. Under the circumstances, appellee did not come within the definition of an "owner" as set forth in the Code and therefore cannot be liable under the Georgia livestock law. The cases cited by appellant do not apply to the unique situation involving cattle, and are therefore inapposite. The first enumeration is without merit.

2. Appellant next asserts that the trial court erred in not ruling on appellant's contention that appellee, the noncustodial landowner, is liable under common law negligence theory for failing to properly maintain and supervise the fence on her property. Although this contention has not yet been considered by Georgia courts, there is case law in other jurisdictions that is instructive. In *Rotolante v. Dasilva*, 460 S2d 560 (1984), the Florida court held that an owner of land, who neither owns nor has custody or control of livestock has no duty to erect or maintain a fence on the land. Similarly, an Indiana court has held, "it is the duty of the owner and the keeper of the animal to keep him confined, and the mere possession or ownership of land from which an animal strays is not sufficient to make the landowner liable, so long as the landowner is not the keeper of such animal. . . . [Cit.] If the landowner is neither the owner nor keeper, he has no duty to confine or restrain the animal. If an animal is allowed by its keeper to escape from its confinement and harm results, that damage results from the negligent confinement, not from the condition of the land. To the extent that the condition of the land made it inadequate or unsuitable for confinement, the responsibility for selecting an adequate method of confinement is upon the keeper, not upon the landowner who neither owned nor kept the animal. [Cits.]" *Blake v. Dunn Farms*, 413 NE2d 560, 563 (1980). See also *Reed v. Molnar*, 423 NE2d 140 (1981). Although the trial court did not specifically rule on appellant's common law negligence theory, based upon the authorities cited above, we determine that the theory has no merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 6, 1990 —
REHEARING DENIED SEPTEMBER 19, 1990 — CERT. APPLIED FOR.

*Towery, Thompson, Gulliver & Bunch, Phillip M. Thompson, Harold S. Gulliver,* for appellant.

*Miles L. Gammage, Michael D. McRae, Brinson, Askew & Berry, H. L. Cromartie III,* for appellee.