S91A1676, S91A1677. GROVENSTEIN et al. v. EFFINGHAM
COUNTY et al. (two cases).
(414 SE2d 207)

HUNT, Justice.

These appeals raise issues of preemption and statutory interpretation. Appellant Shealy's Auto Parts and Service, Inc. (Shealy's) and its owner, appellant Shealy Grovenstein, held an Effingham County license to sell beer and wine. Appellants were charged with selling beer to a minor in violation of the Ordinance to Regulate the Sale of Beer and Wine in Effingham County, Georgia (the Ordinance), and thereafter the Effingham County Board of Commissioners (the BOC) held a hearing on whether to revoke appellants' license because of the alleged violation. The minor who allegedly had purchased the beer (hereinafter, "the purchaser") was not present at the hearing, and his identity was not known to appellants. A detective for the Sheriff's Department testified that on March 9, 1990, the purchaser bought the beer at the behest of, and in cooperation with, the detective. The detective further testified that he gave the purchaser money to make the buy, and that the detective then saw him enter Shealy's and subsequently emerge with a 12-pack of beer. According to the detective,

> I asked him if he knew who made the sale. He said, no, he didn't kno[w]. It was a lady. I asked him was Shealy present and he said that he was. He said, at first the lady had told him she would not sell it to him and that Shealy gave his okay.

Grovenstein and his employees testified they did not remember selling alcohol to a minor. During the BOC hearing appellants' counsel sought, without success, to learn the identity of the purchaser, and objected, again without success, to the absence of the purchaser from the hearing and to appellants' resulting inability to cross-examine him. At the end of the hearing the BOC voted to revoke appellants' license.

Appellants jointly began two proceedings (a certiorari petition and a combined complaint, appeal, and petition for mandamus) in superior court to challenge the BOC's revocation of their license (hereinafter, the two proceedings filed jointly by appellants will be collectively referred to as "the revocation appeals"). The superior court entered two separate judgments dismissing the revocation ap-

peals, and appellants appealed the dismissals.[1] Inter alia, appellants contend that the revocation was invalid because the portions of the Ordinance under which the license was revoked are preempted by a general law. They further contend the revocation was invalid due to their lack of an opportunity to cross-examine the purchaser during the hearing. We disagree with appellants' preemption argument, but we find merit in their argument concerning the absence of an opportunity to cross-examine the purchaser, and on that ground we reverse the superior court's dismissals of the revocation appeals.

1. Appellants' license was revoked pursuant to §§ V A. (1) and VII A of the Ordinance. Section V A. (1) provides that

[n]o holder of a license authorizing the sale of malt beverages and/or wine at retail in Effingham County, Georgia, nor any agent or employee of any licensee, shall do any of the following upon the licensed premises:

(1) Sell beer or wine to any person under twenty-one (21) years of age.

Section VII A of the Ordinance says that "[a]ny violation of the provisions hereof shall be grounds for revocation of a license by the issuing body."

Appellants contend these portions of the Ordinance are void under the 1983 Ga. Const., Art. III, Sec. VI, Par. IV (a), because, appellants argue, the Ordinance is a special law that is preempted by a general law, OCGA § 3-3-23. That Code section provides that

(a) Except as otherwise authorized by law:

(1) No person knowingly, directly or through another person, shall furnish, cause to be furnished, or permit any person in such person's employ to furnish any alcoholic beverage to any person under 21 years of age.

We find no merit in appellants' argument that §§ V A. (1) and VII A are preempted by § 3-3-23, since we find that those Ordinance sections are authorized under Art. III, Sec. VI, Par. IV (a) and OCGA § 3-3-2 (a). Article III, Sec. VI, Par. IV (a) states that

[l]aws of a general nature shall have uniform operation throughout this state and no local or special law shall be enacted in any case for which provision has been made by an

---

[1] Appellees are Effingham County and the individual members of the BOC.

existing general law, *except that the General Assembly may by general law authorize local governments by local ordinance or resolution to exercise police powers which do not conflict with general laws.* [Emphasis supplied.]

Section 3-3-2 (a) says that

(a) Except as otherwise provided for in this title, the manufacturing, distributing, and selling by wholesale or retail of alcoholic beverages shall not be conducted in any county or incorporated municipality of this state without a permit or license from the governing authority of the county or municipality. *Each such local governing authority is given discretionary powers within the guidelines of due process set forth in this Code section as to the granting or refusal, suspension, or revocation of the permits or licenses.* [Emphasis supplied.]

Section 3-3-2 (a) constitutes an express authorization by general law for Effingham County to exercise by local ordinance the police power of revoking licenses for the sale of beer and wine, so long as the ordinance meets the requirement of Art. III, Sec. VI, Par. IV (a), that it not conflict with general law. See *Kariuki v. DeKalb County*, 253 Ga. 713, 716 (3) (324 SE2d 450) (1985) (holding that "enactment of local ordinances regarding licenses for the sale of alcoholic beverages clearly is contemplated by general law").

Furthermore, the relevant portions of the Ordinance, §§ V A. (1) and VII A,[2] do not conflict with § 3-3-2 (a). A special law does not conflict with a general law if it "does not detract from or hinder the operation of the [general] law, but rather it augments and strengthens it." *City of Atlanta v. Associated Builders &c. of Ga.*, 240 Ga. 655, 657 (242 SE2d 139) (1978). The effect of §§ V A. (1) and VII A is to prohibit sales to minors under more specific circumstances than does § 3-3-23's general prohibition against furnishing alcoholic beverages to minors. In so doing, §§ V A. (1) and VII A only augment and strengthen § 3-3-23, and do not conflict with § 3-3-23 in any manner. Accordingly, we hold that §§ V A. (1) and VII A are not preempted by § 3-3-23, and hence are not invalid pursuant to Art. III, Sec. VI, Par. IV (a).

2. Appellants contend that the BOC erred by revoking their license without appellants having had an opportunity to cross-examine the purchaser.

---

[2] We are not presented with, and therefore make no holding regarding, any question of preemption with respect to other portions of the Ordinance.

We have recognized that, notwithstanding the right of local governments to regulate the sale of alcoholic beverages as a valid exercise of their police powers, local governments are not exempted from the due process requirements of the Fourteenth Amendment in that exercise. *Arras v. Herrin*, 255 Ga. 11, 12 (334 SE2d 677) (1985).

> Since licensing consists in the determination of factual issues and the application of legal criteria to them — a judicial act — the fundamental requirements of due process are applicable to it. Due process in administrative proceedings of a judicial nature has been said generally to be conformity to fair practices of Anglo-Saxon jurisprudence, [cit.], which is usually equated with adequate notice and a fair hearing, [cit.]. Although strict adherence to the common-law rules of evidence at the hearing is not required, [cit.], the parties must generally be allowed an opportunity to know the claims of the opposing party, [cit.], to present evidence to support their contentions, [cit.], and to cross-examine witnesses for the other side, [cit.].

*Hornsby v. Allen*, 326 F2d 605, 608 (5th Cir. 1964). The legislature has recognized these due process requirements in its enactment of OCGA § 3-3-2 which provides

> (a) . . . Each such local governing authority is given discretionary powers *within the guidelines of due process set forth in this Code section* as to the granting or refusal, suspension, or revocation of the permits or licenses.

> (b) The granting or refusal and the suspension or revocation of the permits or licenses shall be in accordance with the following guidelines of due process:

> . . .

> (3) Upon timely application, any applicant aggrieved by the decision of the governing authority regarding a permit or license shall be afforded a hearing with an opportunity to present evidence *and cross-examine opposing witnesses.* [Emphasis supplied.]

Contrary to appellants' argument, "opposing witnesses," as used in OCGA § 3-3-2 (b) (3) does not include the purchaser who was not present at the hearing, but, rather, refers to witnesses who actually appeared and testified at the hearing. Nevertheless, appellants were entitled to a fair hearing. Here, the only direct evidence that appel-

lants actually violated Section V A. (1) of the Effingham County ordinance by selling beer to the purchaser, was the equivocal hearsay testimony of the detective, based upon what the purchaser told him. Under these circumstances, we hold the hearing did not comport with the fundamental requirements of due process. We therefore reverse the judgments of the superior court, and remand for further proceedings consistent with this opinion.

3. The remaining enumerations of error are mooted by our holding in the second division of this opinion.

*Judgments reversed. All the Justices concur, except Bell, J., who concurs in the judgment only as to Division 2; Sears-Collins, J., not participating.*

DECIDED MARCH 13, 1992.

*Bouhan, Williams & Levy, Roy E. Paul, Frank W. Seiler,* for appellants.

*Zipperer & Lorberbaum, Alex L. Zipperer III,* for appellees.