## A94A0486. WHEELING v. RING RADIO COMPANY.
### (444 SE2d 144)

McMURRAY, Presiding Judge.

Plaintiff Wheeling filed this action for damages against defendant Ring Radio Company alleging breach of an employment contract. An amendment to the complaint added a second claim predicated on a theory of fraud and deceit.

Plaintiff was employed in the communications industry in North Carolina when he was approached by defendant's president and offered a position as operations manager with defendant. In the ensuing negotiations, plaintiff and defendant's president orally agreed to a three-year term of employment.

After two years working for defendant, plaintiff was terminated. This action resulted and plaintiff now appeals from a grant of summary judgment in favor of defendant. *Held*:

"Employment in Georgia is terminable at the will of either party (OCGA § 34-7-1), so an employee has no entitlement to a certain term of employment unless a contract exists therefor. An oral contract of employment for a term beyond one year is unenforceable under the statute of frauds. OCGA § 13-5-30 (6)." *Golden v. Nat. Svc. Indus.*, 210 Ga. App. 53 (435 SE2d 270). Plaintiff maintains that a letter written to him by plaintiff's president is sufficient to satisfy the requirements of the statute of frauds. The letter in question, dated July 7, 1988, sets forth a scheme of compensation for plaintiff, stating increasing levels of salary and opportunities for bonus for each of three years, and that the salary would be paid on the 15th and last

day of each month. While the letter suggests that a more formal document was contemplated by the parties, no further document was ever signed. The letter does not address the duration of the term of plaintiff's anticipated employment and the compensation scheme alone does not establish a definite term of employment of a length which would affect the outcome of this appeal. An employment contract containing no definite term of employment is terminable at the will of either party. *Burton v. John Thurmond Constr. Co.*, 201 Ga. App. 10 (410 SE2d 137). See also *Gatins v. NCR Corp.*, 180 Ga. App. 595, 597 (349 SE2d 818); *Taliaferro v. S & A Restaurant Corp.*, 172 Ga. App. 399 (323 SE2d 271).

Nor was there such partial performance as would remove this case from the statute of frauds. While plaintiff terminated his employment in North Carolina, moved to Georgia and worked for defendant for two years, these acts are all consistent with an employment at will and thus insufficient to create a jury issue as to part performance. *Baxley Veneer &c. Co. v. Maddox*, 261 Ga. 309, 310 (1) (404 SE2d 554); *Gatins v. NCR Corp.*, 180 Ga. App. 595, 598, supra; *Katz v. Custom Spray Products*, 168 Ga. App. 451, 452 (309 SE2d 663).

The allegation of fraud stated in the complaint was that at the time the job was offered to plaintiff, defendant's owners did not intend to honor the three-year commitment. On appeal, plaintiff argues that the promises made to plaintiff were given with such reckless disregard for the defendant's poor business prospects in entering a very competitive Atlanta radio market as to amount to a knowing misrepresentation. Construing the evidence in the light most favorable to plaintiff as the party opposing the motion for summary judgment, it is difficult to find any support for these propositions in the evidence. In any event, while there is a general rule that actionable fraud may not result from a failure to perform a promise, it is clear that plaintiff's fraud claim is predicated on an exception to this general proposition, that is, that fraud may be predicated on a promise made with a present intention not to perform. However, the exception upon which plaintiff relies is not applicable under the circumstances of the case sub judice. The promises upon which plaintiff relies were related to future acts and were not enforceable even absent any fraud at the time of their utterance because the underlying employment contract, not being in writing, was unenforceable. *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 571 (2), 572 (208 SE2d 583). See also *Richard A. Naso &c. v. Diffusion*, 194 Ga. App. 201, 203 (390 SE2d 106); *Marshall v. W. E. Marshall Co.*, 189 Ga. App. 510, 511 (1) (376 SE2d 393).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MAY 11, 1994.

*David C. Cole*, for appellant.

*Vincent, Chorey, Taylor & Feil, Jean B. Blumenfeld*, for appellee.