A99A2247. HORTMAN et al. v. GUY.
(529 SE2d 182)

BARNES, Judge.

Glen, Sandra, and Judy Hortman sued Linda and Morgan Guy for personal injuries and property damage. The Hortmans alleged they were in a car that hit the Guys' cow in the road. The trial court granted Linda Guy's motion for summary judgment, and the Hortmans appeal. The Hortmans argue that a state statute defining livestock ownership does not preempt a county animal control ordinance that defines "owner" more broadly to include people who keep or harbor the animals. We disagree and affirm.

Linda Guy averred in her affidavit that she owned no cows on the date of the collision, although she allowed her ex-husband to keep and care for cows on her property. Morgan Guy confirmed in his affidavit that his ex-wife owned no cows and that he did own some cows he kept on her property. The Hortmans produced no evidence that Linda Guy owned the cow in the road.

1. Under OCGA § 9-11-56 (c), the trial court should grant summary judgment when no issue of material fact remains to be decided and the movant is entitled to judgment as a matter of law. We review de novo a grant of summary judgment, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Rice v. Huff,* 221 Ga. App. 592 (472 SE2d 140) (1996).

2. Chapter 3 of Title 4 is titled "Livestock Running at Large or Straying," and its first section, "Legislative Intent," provides: "There is found and declared a necessity for a uniform state-wide livestock law embracing all public roads in the state and all other property." OCGA § 4-3-1.

> The 1953 and 1955 Acts abolishing the open range and requiring that uniformly over the State the owners of livestock must fence them or take the necessary steps to prevent them from straying to the roads and the lands of others, provided: "No owner shall permit livestock to run at large on or

stray upon the public roads of this State, or any property not belonging to the owner of the livestock unless by permission of the owner of such property." [OCGA § 4-3-3.]

*Tennessee, Ala. &c. R. Co. v. Andrews*, 117 Ga. App. 164, 168 (159 SE2d 460) (1968).

We have held that a landowner who allows livestock on his land is not necessarily the "owner" as defined in OCGA § 4-3-2 (2) (" 'Owner' means any person, association, firm, or corporation, natural or artificial, owning, having custody of, or in charge of livestock."). Evidence that a landowner merely allows someone else to put livestock on her land is insufficient "to create an issue of fact over whether [Linda Guy] owned, had custody of, or was in charge of the [cow] involved in the collision." *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (3) (503 SE2d 581) (1998).

> " 'If the landowner is neither the owner nor keeper, he has no duty to confine or restrain the animal. If an animal is allowed by its keeper to escape from its confinement and harm results, that damage results from the negligent confinement, not from the condition of the land. To the extent that the condition of the land made it inadequate or unsuitable for confinement, the responsibility for selecting an adequate method of confinement is upon the keeper, not upon the landowner who neither owned nor kept the animal.' "

Id. at 683 (3), quoting *Evancho v. Baker*, 196 Ga. App. 903, 904 (2) (397 SE2d 166) (1990).

Accordingly, the trial court did not err by granting summary judgment to Linda Guy on the Hortmans' claims for damages arising from their collision with the cow.

3. The Hortmans contend that county ordinances in both Henry County, where Linda Guy's property is located, and Newton County, where the collision took place, define "owner" more broadly than the state statute to include a person harboring an animal or allowing an animal to remain on her premises. The Hortmans further contend that the state statute does not preempt the county ordinance, because "it is considered permissible to augment and strengthen the general law by special law." The Supreme Court of Georgia in *Grovenstein v. Effingham County*, 262 Ga. 45 (414 SE2d 207) (1992) and later in *Franklin County v. Fieldale Farms Corp.*, 270 Ga. 272, 275 (2) (507 SE2d 460) (1998), discussed the uniformity clause in the 1983 Georgia Constitution, which provides:

> Laws of a general nature shall have uniform operation throughout this state and no local or special law shall be

enacted in any case for which provision has been made by an existing general law, except that the General Assembly may by general law authorize local governments by local ordinance or resolution to exercise police powers which do not conflict with general laws.

Ga. Const. of 1983, Art. III, Sec. VI, Par. IV (a).

In *Grovenstein*, the court noted that the state statute at issue expressly authorized counties "to exercise by local ordinance the police power of revoking licenses for the sale of beer and wine, so long as the ordinance meets the requirement of Art. III, Sec. VI, Par. IV (a), that it not conflict with general law." The court upheld the county ordinance. *Grovenstein v. Effingham County*, supra, 262 Ga. at 47 (1).

In *Franklin County v. Fieldale Farms Corp.*, supra, the court held that a state statute regulating the application of sludge to land preempted a county land disposal ordinance. First, the court inferred that the state statute preempted local laws because its provisions and implementing regulations were so comprehensive. Id. at 276-277 (4). Second, the General Assembly expressly granted local authorities limited powers to assess monitoring fees and seek injunctions if the fees are not paid; "[b]y explicitly granting this narrow power to local governments, the statute by implication precludes counties from exercising broader powers." Id. at 277 (4).

The statute at issue here, OCGA § 4-3-1, specifically finds and declares "a necessity for a uniform state-wide livestock law embracing all public roads in the state and all other property." Thus it expressly preempts local laws on the subject by declaring the need for uniformity. Nothing in the statute authorizes local governments to exercise power in this regard.

Our Supreme Court held in *Grovenstein*, supra, 262 Ga. at 47 (1), that no conflict exists when the local law does not impair the general law's operation but rather augments and strengthens it. That case involved a county ordinance that forbid anyone holding a beer or wine license from selling beer or wine to persons under the age of 21 and provided that the license could be revoked for such sales. The appellant argued that the state statute forbidding anyone from furnishing alcoholic beverages to anyone under 21 preempted this county ordinance. The court disagreed, noting first that the state statute specifically authorized local governing authorities to grant or withdraw liquor permits, and second that the local ordinance prohibited sales to minors under more specific circumstances than did the state statute's general prohibition against furnishing alcohol to minors. Id. In so doing, the local ordinance augmented and strengthened the state statute and did not conflict with it.

In the case before us, a county ordinance extending responsibil-

ity for stray livestock to persons not included in the state statute would not augment the state law; it would alter its stated purpose, which is to create a state-wide uniform law applying to these circumstances.

Accordingly, we conclude that the trial court did not err in granting summary judgment to landowner Linda Guy in the Hortmans' action for damages against her.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 1, 2000.

*Cramer & Peavy, Timothy C. Cramer, James E. Peavy*, for appellants.

*Temple, Strickland & Dinges, William D. Strickland, Smith, Welch & Brittain, Thomas B. McFarland*, for appellee.

