A00A0389. KIRKLAND v. PIONEER MACHINERY, INC. et al.
(534 SE2d 435)

ANDREWS, Presiding Judge.

Richard Kirkland appeals from the trial court's grant of summary judgment to Pioneer Machinery, Inc. and Richard Harrelson. Kirkland claims the trial court erred because a jury question remains as to whether Kirkland justifiably relied on Harrelson's fraudulent representations that he was not going to be fired. Because the promises upon which Kirkland claims he relied were unenforceable, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of

law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

This case arose when Kirkland, who was a service manager at Pioneer, went to Harrelson, his supervisor, to request time off to close on a house he was buying. Kirkland states that he asked Harrelson, "How am I doing?" because he did not want the financial obligation of a house if he were going to be fired from his job. Kirkland admits that Harrelson did not assure him that he would be able to continue working for Pioneer but points out that Harrelson did not tell him he would *not* be working there.

Kirkland closed on the house and was fired a little over three weeks later, on July 24, 1997. Contrary to the assertions in Kirkland's brief, we find no evidence in the record that Harrelson knew Kirkland would be fired when he talked to him on June 30. The only evidence in the record, excepting the allegations in Kirkland's complaint, is Harrelson's deposition testimony that he "had no intentions of letting him go on the 30th." Moreover, Harrelson stated that he interviewed Kirkland's replacement about 15 days before Kirkland was fired on July 24, 1997, which would have been after the conversation on June 30, and Kirkland has come forward with no evidence to rebut Harrelson's deposition testimony.

In any event, even if Kirkland can show that Harrelson kept silent in spite of his knowledge that Kirkland was going to be fired, he still has no claim against Pioneer and Harrelson. The law in Georgia is well settled that the employer is entitled to summary judgment when the employee raises a claim of fraud.

Although actionable fraud cannot be based on statements and promises as to future events, there is an exception to this proposition, which is that fraud may be predicated on a promise made with a present intention not to perform. *Wheeling v. Ring Radio Co.*, 213 Ga. App. 210, 211 (444 SE2d 144) (1994). That is what Kirkland argues here, that Harrelson kept silent in response to his questions, knowing that Kirkland would be fired.

But, this exception cannot be applied in this case because the promises upon which Kirkland claims he relied were unenforceable even absent any fraud at the time of their utterance because the underlying employment contract, being terminable at will, is unenforceable. *Ely v. Stratoflex*, 132 Ga. App. 569, 571-572 (208 SE2d 583) (1974).

In *Ely*, the employee claimed fraud because the employer made several promises to him which the employer knew, at the time they were made, would not be fulfilled. Id. at 571. *Ely* and its progeny have consistently held that this type of fraud claim in an employer-employee relationship must fail. See, e.g., *Wheeling*, supra at 211 (summary judgment granted to employer on fraud claim even if employee could show that employer knowingly misrepresented to employee that he was guaranteed employment for three years); *Alston v. Brown Transport Corp.*, 182 Ga. App. 632 (356 SE2d 517) (1987) (summary judgment granted to employer on fraud claim even if employer did not intend to honor assurances that dockworkers would be promoted after 90 days); *Jacobs v. Ga.-Pacific Corp.*, 172 Ga. App. 319 (323 SE2d 238) (1984) (employer's oral promise that employment would be permanent did not afford the employee a remedy in fraud because the underlying employment contract was terminable at will).

Kirkland attempts to argue that this situation is different and Pioneer was equitably estopped from firing him because of the intentional misrepresentations of Harrelson as to Kirkland's *current* employment status. But, there is no contention that Kirkland was not still employed at Pioneer at the time of the conversation. Moreover, Kirkland cites to no case law on point in support of this proposition, and we find none.

Thus, Kirkland's argument that equitable estoppel under OCGA § 24-4-27 applies must fail. "Estoppel . . . is not a cause of action under Georgia law. . . . Without some proper legal cause of action, establishing all the elements of equitable estoppel will not entitle plaintiff to relief." (Citations and punctuation omitted.) *Wilson v. Keheley & Co.*, 177 Ga. App. 769, 770 (2) (341 SE2d 245) (1986). As discussed above, even assuming fraudulent misrepresentation by Harrelson, there is no cause of action because the underlying contract was terminable at will and, therefore, unenforceable. *Ely*, supra at 572.

Accordingly, there was no error. The trial court properly granted summary judgment to Pioneer and Harrelson.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED APRIL 25, 2000.

*Rodney L. Allen,* for appellant.
*Kirbo & Herndon, Thomas L. Kirbo III,* for appellees.