S01A0474, S01A0476. COBB COUNTY et al. v. CRUSSELLE; and vice versa.

(548 SE2d 306)

HUNSTEIN, Justice.

The trial court held that a portion of Cobb County Development Standard 409.01.02 unconstitutionally conflicted with the practice of land surveying as defined in OCGA § 43-15-2 (6) (D). Cobb County Development Standard 409.01.02 requires that the design of storm drainage systems within county boundaries be designed and approved by a registered civil engineer. Our review of OCGA § 43-15-2 (6) reveals that it is a definitional statute which sets forth in subsections (A) through (G) certain activities which a professional land surveyor may perform. Id. at (7). OCGA § 43-15-2 (6) does not purport to reserve these designated activities for performance exclusively by land surveyors and nothing in the statute prohibits the performance of these activities by other qualified professionals who are lawfully authorized to undertake them.

"A special law does not conflict with a general law if it 'does not detract from or hinder the operation of the (general) law, but rather . . . augments and strengthens it.' [Cit.]" *Grovenstein v. Effingham County*, 262 Ga. 45, 47 (1) (414 SE2d 207) (1992). It is uncontroverted that registered civil engineers are lawfully authorized to design and approve storm drainage systems. See OCGA § 43-15-2 (10), (11). The requirement in Cobb County Development Standard 409.01.02 that sewer systems be designed and approved by a registered civil engineer thus does not detract from or hinder the operation of OCGA § 43-15-2 (6) (D). See generally *Grovenstein*, supra. Because the development standard does not conflict with the statute, we reverse that part of the trial court's ruling finding the standard to be unconstitutional and affirm that portion upholding its validity.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 4, 2001 —
RECONSIDERATION DENIED JULY 16, 2001.

*Freeman, Mathis & Gary, T. Bart Gary, John D. Thalhimer*, for appellants.

*Sams & Larkin, Garvis L. Sams, Jr., Mitchell K. Greene*, for appellee.