A01A1918. EDWARDS v. CENTRAL GEORGIA HHS, INC.
(558 SE2d 815)

MIKELL, Judge.

Donald S. Edwards, Jr. appeals from the trial court's grant of summary judgment to Central Georgia HHS, Inc. ("HHS"). Edwards claims the trial court erred because jury questions remained as to whether HHS fraudulently misrepresented that Edwards would be paid "incentive bonuses" in addition to his salary and whether the alleged employment agreement provided a clear formula for calculating such bonus payments. Because the promise upon which Edwards claims he relied was unenforceable, we affirm.

Summary judgment is proper when there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (1) (503 SE2d 581) (1998).

Edwards brought this action against his former employer, HHS, seeking to recover $15,000 in "incentive bonuses" under a breach of contract theory and to recover general damages for fraud. The record shows that Edwards accepted a job with HHS on October 7, 1997, by signing an offer letter from Mike Sullivan, Director of Marketing for CareSouth Homecare Professionals, which was the trade name of HHS. Sullivan's letter provided that Edwards would be paid an annual salary of $65,000 and stated that "CareSouth offers . . . an incentive bonus plan for this position that is expected to provide between 15% and 25% of your base salary as additional compensation." Edwards sent a separate letter to Sullivan on October 7, in which he accepted the job offer under the terms of Sullivan's October 3 letter and acknowledged that he understood that "the exact specifics of the incentive plan are still under consideration." It is undisputed that Edwards was an at-will employee. He resigned in April 1999 after not receiving any bonus payments.

1. First, Edwards argues that the trial court erred in granting

HHS' motion for summary judgment because genuine issues of material fact remain as to whether his employer made fraudulent misrepresentations that it would pay him incentive bonuses. Edwards argues that the agent of HHS did not intend to honor his promise of a bonus at the time it was made, thereby committing actionable fraud. We conclude that Edwards' theory of fraud is not viable.

As a general rule, actionable fraud cannot be based on statements and promises as to future events. *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 571 (2) (208 SE2d 583) (1974). "There is no question that the promises made by [Sullivan, acting on behalf of HHS,] to [Edwards] were prospective in nature and therefore fall within the ambit of this rule. Nor does actionable fraud result from a mere failure to perform promises made." Id.

We have previously acknowledged the exception to this rule that Edwards now asserts: "Although actionable fraud cannot be based on statements and promises as to future events, there is an exception to this proposition, which is that fraud may be predicated on a promise made with a present intention not to perform." *Kirkland v. Pioneer Machinery*, 243 Ga. App. 694, 695 (534 SE2d 435) (2000). See also *Wheeling v. Ring Radio Co.*, 213 Ga. App. 210, 211 (444 SE2d 144) (1994). However, here, as in *Kirkland*, supra, we conclude that the exception on which Edwards bases his claim does not apply "because the promises upon which [Edwards] claims he relied were unenforceable even absent any fraud at the time of their utterance because the underlying employment contract, being terminable at will, is unenforceable."[1] See also *Ely*, supra at 572. See generally *Stover v. Candle Corp. of America*, 238 Ga. App. 657, 659 (2) (520 SE2d 7) (1999) ("a promise to pay a bonus in the future is not enforceable under a terminable-at-will . . . contract").

"An employment contract containing no definite term of employment is terminable at the will of either party." *Wheeling*, supra at 211. It is clear that the letters between Sullivan and Edwards did not establish a definite term of employment. See id. Further, "an employee has no entitlement to a certain term of employment unless a contract exists therefor. An oral contract of employment for a term beyond one year is unenforceable under the statute of frauds. [Cits.]" (Punctuation omitted.) Id. at 210. Accordingly, the trial court properly found that Edwards could not maintain a fraud claim based on the undisputed facts in the record, and that HHS was entitled to judgment as a matter of law.

2. Next, Edwards argues that the trial court erred in granting

---

[1] In *Kirkland*, supra, we affirmed the trial court's grant of summary judgment to the defendant after the plaintiff claimed that he justifiably relied on his former employer's fraudulent misrepresentations that he would not be fired.

summary judgment to HHS on his breach of contract claim because genuine issues of fact remain as to whether the alleged employment agreement set forth a readily determinable formula for calculating his bonus. We disagree and conclude that the trial court properly entered summary judgment.

The Supreme Court considered what constitutes an enforceable promise of future compensation in *Arby's, Inc. v. Cooper*, 265 Ga. 240 (454 SE2d 488) (1995). There, the plaintiff filed suit to recover unpaid annual bonuses from his former employer. In holding that the employer's promise to pay the bonuses was unenforceable, the Supreme Court reasoned that

> [t]o be enforceable, a promise of future compensation must be made at the beginning of the employment. [Cits.] However, the promise of future compensation must also be for an exact amount or based upon a "formula or method for determining the exact amount of the bonus. (Cit.)" *Christensen v. Roberds of Atlanta, Inc.*, 189 Ga. App. 289, 291-292 (2) (375 SE2d 267) (1988) (promise to pay a bonus of $7,000 to $8,000 per year not enforceable).

(Emphasis omitted.) Id. at 241. Sullivan's offer letter did not expressly state the terms under which Edwards would receive a bonus, nor did it specify the exact amount or a set formula for determining the exact amount of the bonus. Thus, it was not enforceable. *Arby's, Inc.*, supra; *Christensen*, supra.

In an affidavit filed in response to HHS' motion for summary judgment, Edwards swore that during the course of his employment, he was asked by his supervisors to draft a proposed incentive plan, which he did on four occasions; that he provided HHS with a spreadsheet documenting the contracts and the approximate revenue he generated; and that Dr. Ron Conner, the company's CEO, told him during a December 7, 1997 meeting that a commission plan would be in place in 1998. Edwards argues that even if the parties' agreement was indefinite at the time of formation, "the subsequent words and conduct of the parties made the bonus provisions of the employment contract definite."

Contrary to Edwards' argument, the Supreme Court clearly held in *Arby's, Inc.*, supra, that a promise of future compensation must have been made at the beginning of the employment in order to be enforceable. Thus, the subsequent actions of Edwards' superiors did not render the promise enforceable.

Furthermore, the undisputed evidence demonstrates that a definite formula for calculating Edwards' bonus was never established. "Permitting a bonus to be only partially tied to a formula is not con-

sistent with the rationale for requiring a formula. That rationale . . . is that the sum of money to be paid for performance of services under a contract should be definitely and objectively ascertainable from that contract." *Arby's, Inc.*, supra at 241. When Sullivan offered Edwards the job, his October 3, 1997 letter referred to "[a]n incentive bonus plan for this position that is expected to provide between 15% and 25% of your base salary as additional compensation." In accepting the offer, Edwards acknowledged that "the exact specifics of the incentive plan are still under consideration." In fact, he further stated that he understood that the bonus would be based "on either dollar sales or specific achievements." The promise of future compensation was too indefinite to be enforceable. See *Stover*, supra at 659 (2); *Christensen*, supra. Accordingly, the trial court correctly entered summary judgment on the breach of contract claim.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 15, 2002.

*Webb & Webb, Michael S. Webb*, for appellant.
*Pursley, Howell, Lowery & Meeks, Roy H. Meeks, Jr.*, for appellee.