A05A0835. NUCKOLLS v. ATLANTA MARINE, INC.
(621 SE2d 590)

MILLER, Judge.

Philip Nuckolls sued Atlanta Marine, Inc. and Craig Wagner for fraud, theft by deception, and money had and received in connection

---

with the purchase of a boat. The trial court granted Atlanta Marine's motion for summary judgment, and Nuckolls appeals. We find no error and affirm.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

So viewed, the evidence shows that Atlanta Marine is in the business of selling boats to retail customers. In July 2000, Nuckolls told an Atlanta Marine sales manager that he was interested in buying a boat. The sales manager showed Nuckolls a "Warlock" brand motorboat and trailer owned by Wagner, who wanted to sell.

Nuckolls agreed to buy Wagner's boat for $70,000. Nuckolls tendered a certified check to Wagner in the amount of $62,500, and another certified check to Atlanta Marine in the amount of $7,500 to pay for the sales commission and for work done to the boat by Atlanta Marine. Nuckolls took delivery of the boat at Atlanta Marine's place of business. According to Nuckolls, Wagner executed a bill of sale warranting that there were no liens or encumbrances on the boat.

After the transaction was completed, Nuckolls discovered that First National Bank of Cherokee held a $52,000 lien against the boat. The lien arose out of a loan by the bank to Wagner. The lien's existence was not previously disclosed to Nuckolls by Wagner or Atlanta Marine. Nuckolls claims that on July 30, 2003, the bank took possession of the boat after Wagner defaulted on the loan, and that Nuckolls paid approximately $44,000 to the bank in order to satisfy Wagner's debt and recover the boat. This suit followed.

Nuckolls argues that the trial court erred in ruling that Atlanta Marine, as Wagner's agent, could not be liable for Wagner's fraud. Although Atlanta Marine maintains it was not Wagner's agent, Atlanta Marine argues for purposes of summary judgment that Nuckolls may not prevail even if Atlanta Marine did act as Wagner's agent in the sale of the boat. We agree with Atlanta Marine.

Nuckolls does not claim that Atlanta Marine had actual knowledge of the bank lien. Although there is evidence that Wagner committed fraud, we find no basis for holding Atlanta Marine vicariously liable for its principal's fraud. See *Leal v. Hobbs*, 245 Ga. App. 443, 444-445 (1) (538 SE2d 89) (2000) (the doctrine of vicarious liability does not make the agent liable for the principal's acts); *Mullinax v. Miller*, 242 Ga. App. 811, 815 (2) (531 SE2d 390) (2000)

(there was no support in logic or in case law to hold agent liable for alleged libel committed by agent's principal).

Nuckolls's argument that Atlanta Marine's liability may be established under *Deere & Co. v. Miller-Godley Auction Co.*, 249 Ga. App. 797 (549 SE2d 762) (2001) is misplaced. *Deere* involved the issue whether "an *auctioneer* is liable to a secured creditor for conversion when the *auctioneer*, without the secured creditor's knowledge or consent, sells goods in which the secured creditor holds a perfected security interest." (Emphasis supplied.) Id. at 798 (1). Here, Atlanta Marine is not alleged to be an auctioneer, nor is this a conversion claim asserted by the secured party or an alleged true owner. Thus, we conclude that *Deere* is not applicable here and that Atlanta Marine is not otherwise liable to Nuckolls for Wagner's alleged fraudulent acts. The trial court therefore did not err in granting summary judgment to Atlanta Marine.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 28, 2005.

*Gordon & Brown, Gerald W. Brown*, for appellant.
*Weissman, Nowack, Curry & Wilco, Ralph L. Taylor III*, for appellee.